1  **JESSICA J. OLIVA**
   California State Bar No. 312435
2  **ELIZABETH M. BARROS**
   California State Bar No. 227629
3  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
4  San Diego, California 92101-5030
   Telephone: (619) 234-8467
5  Facsimile: (619) 687-2666
   Jessica_Oliva@fd.org
6  Elizabeth_Barros@fd.org

7  Attorneys for Bailey Szramowski

8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,           CASE NO.: 25CR441

12 |            Plaintiff,               Hon. Ruth B. Montenegro
                                         Date: September 19, 2025
13 |     v.                              Time: 9:00 a.m.
                                         Courtroom: 5B
14 | BAILEY SZRAMOWSKI,
                                         RULE 16.1 STATUS REPORT
15 |            Defendant.

16

17        Defendant Bailey Szramowski, by and through his counsel, Jessica J. Oliva and

18  Elizabeth M. Barros, hereby files this Status Report pursuant to Fed. R. Crim. P. 16.1

19  and Local Crim. R. 16.1.a.

20  **I.      PROCEDURAL HISTORY**

21        On January 7, 2025, Mr. Szramowski was charged in a complaint with

22  distribution of fentanyl, in violation of 21 U.S.C. § 841. ECF No. 1. On February 18,

23  2025, he was arraigned on an indictment, charging him with conspiracy to distribute a

24  controlled substance, in violation of 21 U.S.C. §§ 841 and 846, and distribution of

25  fentanyl resulting in death, in violation of 21 U.S.C. 841. ECF No. 17-18. He entered

26  a not guilty plea that same day.

27        On March 7, 2025, Mr. Szramowski, through counsel, filed motions to compel

28  discovery, preserve evidence, and for leave to file further motions. ECF No. 32. A

1  motion hearing and trial setting is currently scheduled for September 19, 2025, at 9:00

2  a.m. ECF No. 44.

3  **II.    RULE 16.1 STATUS REPORT**

4       Pursuant to Fed. R. Crim. P. 16.1 and Local Crim. R. 16.1.a, the parties have

5  conferred regarding discovery. Defense counsel provides this update to the Court.  To

6  date, the United States has produced 1,299 pages of discovery, as well as a copy of Mr.

7  Szramowski's cellphone download. On July 23, 2025, the parties also inspected

8  physical evidence at the United States Attorney's Office.

9       However, material discovery remains outstanding, including additional

10 cellphone downloads, 911 call recordings, audio and video recordings taken of Mr.

11 Szramowski, body worn camera footage, crime scene photos, and recordings of

12 witness interviews conducted by NCIS.

13      **Cellphone Downloads:** The defense has requested cellphone downloads that

14 are material in this case. So far, the government has produced a download of Mr.

15 Szramowski's cellphone. It is also in the process of producing a copy of A.N.'s, the

16 decedent's, cellphone download.

17      However, the government opposes the defense's request for a copy of G.G's

18 cellphone download. G.G. was A.N.'s girlfriend from September 2022 until the day of

19 his overdose. Importantly, she was with A.N. in the days leading up to his death. She

20 travelled with him from San Diego to northern California. Following A.N.'s death,

21 G.G. took his personal effects, which included his personal cellphone. She deleted

22 messages from A.N.'s cellphone and made numerous inconsistent statements to law

23 enforcement during the course of its investigation, including about A.N.'s and her

24 personal drug use history. Given her proximity to A.N. in the days leading up to his

25 arrest, her prior inconsistent statements, and her participation in destroying evidence,

26 G.G.'s cellphone is material to the preparation of the defense. There is no doubt that

27 it is in the government's possession and any privacy concerns can be addressed

28 through a protective order, which is already in place in this case. Though the

government has offered the defense an opportunity to manually inspect the cellphone at its office, this alternative is neither practical, nor will it address the need to examine messages or content that may have been deleted from the cellphone prior to NCIS seizing it.

**Crime Scene Evidence**: To date, the government has not produced 911 call recordings made on the morning of A.N.'s death, any dispatch tapes or body worn camera videos taken by the responding San Leandro Police Department officers, or crime scene photos.

**Audio and Video Recordings**: Defense counsel has requested preservation and production of all recordings (both audio and video) pertaining to Mr. Szramowski. The government has yet to produce any recordings, including any recorded calls or surveillance videos of when Mr. Szramowski was in custody. Additionally, the government has yet to produce audio or video recordings of the witness interviews conducted by NCIS.

**Medical/Labs Reports:** The defense requested any and all copies of autopsy reports and/or medical examinations. Though the government has produced some toxicology and autopsy reports, the defense does not have complete discovery, including the raw detailed records for lab work performed during the investigation of this case. Additionally, the government has not produced any lab reports related to the currency seized at the crime scene.

## III. CONCLUSION

Mr. Szramowski respectfully request that the Court accept the Rule 16.1 Status Report and compel the government to produce outstanding discovery.

Respectfully submitted,


Dated:  September 12, 2025          *s/ Jessica J. Oliva*
Federal Defenders of San Diego, Inc.
Attorneys for Bailey Szramowski
Email: Jessica_Oliva@fd.org

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RULE 16.1 STATUS REPORT